## COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed June 29, 1915.

### JAMES F. CLARK

VS.

### CLARENCE M. LEHMAN AND SAMUEL ROTH, CO-PARTNERS, TRADING AS LEHMAN & ROTH.

*Isaac Lobe Straus* and *Joshua Horner, Jr.*, for plaintiff.

*George Arnold Frick* for defendants.

DAWKINS, J.—

This case comes under the Speedy Judgment Act. It is a special proceeding under statute which should be strictly followed.

In order that the plaintiff shall be entitled to judgment by default under this Act he must at the time of bringing his action "file with his declaration an affidavit * * * stating the true amount the defendant is indebted to him over and above all discounts and shall also *file* the bond, bill of exchange, promissory note or other writing or account by which the defendant is so indebted; or if the action be founded upon a verbal or implied contract shall file a statement of the particulars of the defendant's indebtedness thereunder."

This clearly means that definite evidence of the debt should be filed at the time the suit is brought. Notwithstanding there were certain facts elicited by the testimony and from the argument of counsel the only question in this case is as to the propriety of the entry of the judgment at the time it was entered so that what may have been presented as stated as well as the transactions in the way of settle-

ments, etc., occurring since have nothing to do with the matter now to be decided, save in so far as light may be reflected to justify the Court in applying the law as laid down in Chapter 107, Acts 1914. Ordinarily there should be an end to litigation. Judgments when properly entered should stand. Courts should not protect against omissions of one party to the destruction of a right or advantage properly obtained by another.

When the defendant has had his day in Court with an opportunity to answer and fails to do so, Courts should be slow to disturb a judgment regularly entered. If the notes in this case are the real cause of action and the whole amount of the same is due less any credits shown, then the Hallwood Register Co. case, in 97 Maryland, disposes of the question of filing the notes with the nar., because they are read in the declaration, but the question comes to us, do the notes appear by the declaration to be the only cause of action?

The declaration seems to describe two notes of $1,166.67 each, both dated May 1, 1914, at four months, each apparently identical, save in describing one, the pleader uses the word "contract." Which is due? How much would the declaration without the affidavit indicate to be due? The affidavit does not disclose that the amount claimed is a *balance* due on any particular note.

If the note that is due is fully described in the declaration, where is the "contract" referred to and what is it for? Beyond using the word "contract" there is nothing to show what the contract is. The affidavit mentions "the within incorporated *note* and *contract* and on the *annexed open account*," and claims $517.08 with interest on $1,166.67 from September 1, 1914. Why the interest? On which note if it be on a note is the interest due? We can only answer this by going back to some other contract or to the statement filed with the nar. This begins by stating the purchase of the stock of goods, good will and right to use and trade under the name of Clark & Co. for the lump sum of $13,000, and after making certain charges and credits shows a balance on account of $517.08, without any apparent claim under the note as such. In the nar. the entire amount of the two notes is apparently due, as

there is no credit suggested, except as shown by the statement. There might be sufficient incorporating, save for the statement and affidavit and testimony. From these it appears that a note was not paid, but that money sufficient to pay the note, and the note itself was and perhaps still is held under an agreement. There is nothing to show that the last note has been delivered to the party of the first part under the agreement of May 1, 1914, and April 30, 1914, so that the defendants can be protected. The note is in the hands of another party. It is held under an agreement, so until delivered the plaintiff can not sue.

The defendants also state under oath that the goods were sold under a contract and that the note declared on had been paid prior to the institution of the suit.

In view of the facts disclosed in this case, even though the defendants might not have been able at the time the judgment was entered to say that the note was not due, yet I can not believe that the description of the notes contained in the declaration taken in connection with the annexed account, affidavit, etc., is such an incorporation as to satisfy the act.

The Court of Appeals has said in a recent case (125 Maryland 581) : "That when there was no bond, bill or contract filed, unless the cause of action be an account of statement, a judgment could not be entered by default." If not entitled to judgment, jurisdiction could not be obtained. If this judgment was entered on the note as a basis, then the statement of account is not the cause of action. If the statement is the cause of action, then the note and "contract" is not what the affidavit would indicate.

This is a case in which the Court is of the opinion that the interests of justice will be promoted by striking out the judgment and reinstating the case, "although sufficient grounds for striking out—before the enactment of this section may not be present" (see Acts 1914, Chapter 107). But in granting the motion and striking out the judgment the defendants must give bond in the penalty of $900, with approved corporate surety for the payment of any judgment finally recovered against them, and the defendants must pay the costs so far incurred in this

case. These conditions to be complied with before the order to strike out shall be effective, and they must be complied with on or before July 2, 1915. Upon compliance with these conditions the judgment will be stricken out and the case reinstated. The defendants shall have leave to file pleas, affidavit and certificate of counsel within ten days from June 29, 1915.

In the event of failure by the defendants to file a sufficient plea, affidavit or certificate of counsel within the time so limited, then the plaintiff shall be entitled to final entry of judgment on motion therefore in the same manner as for failure to file a sufficient plea, affidavit or certificate within the time originally limited under Acts of Assembly in such cases made and provided.